IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DELOIS EDMONDSON,** | : |
|     **Plaintiff,** | : |
|   v. | : |
| **JOHN E. POTTER,** | :   Civil No.: WDQ-02-2803 |
|   **POSTMASTER GENERAL,** | |
|   **U.S. POSTAL SERVICE,** | : |
|     **Defendant.** | : |

...oOo...

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION TO STRIKE AFFIDAVITS**

    John E. Potter, Postmaster General of the United States Postal Service, defendant herein, by his attorneys, Thomas M. DiBiagio, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, hereby submits this Memorandum in Support of his Motion to Strike Affidavits.

**I.   BACKGROUND**

    Plaintiff filed this action on August 22, 2002 against John E. Potter, Postmaster General of the United States Postal Service ("Defendant" or "USPS"), alleging employment discrimination and related claims. *See* Complaint and Amended Complaint. After the completion of discovery, Defendant filed a Motion to Dismiss or, in the alternative, for Summary Judgment. In response to Defendant's Motion, Plaintiff filed an Opposition that included three affidavits. The affidavits were from Plaintiff and two of her co-workers, Bernetta Pride and Gloria Daniels. *See* Affidavit of Delois Edmondson, attached hereto as Exhibit ("Ex.") 1; Affidavit of Bernetta Pride, attached hereto as Ex. 2; Affidavit of Gloria Daniels, attached hereto as Ex. 3.

The affidavit from Plaintiff should be struck by the Court because it is a conclusory "sham affidavit" that is inconsistent with Plaintiff's prior testimony, is based on hearsay, contains facts outside of the scope of Plaintiff's personal knowledge, and is utilized solely to create a dispute of fact. The affidavits of Bernetta Pride and Gloria Daniels also must be struck because they contain facts that relate solely to a complaint brought by Plaintiff in a prior EEO case and was resolved. In addition, Bernetta Pride's affidavit must be struck because the affiant was not identified by Plaintiff during the discovery process.

## II. ARGUMENT

**A.  Plaintiff's affidavit is a "sham affidavit."**

As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by <u>factual</u> affidavit or the like, respond to the motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The Federal Rules of Civil Procedure provide that all evidentiary material made in support of or in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 962 (4th Cir. 1996). When an affidavit does not meet these standards, it is subject to a motion to strike. *Maryland Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1252 (4th Cir. 1991); *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 975 (4th Cir. 1990); *Metropolitan Life Ins. Co. v. Hall*, 9 F. Supp.2d 560, 561, n. 2 (D. Md. 1998)(Davis, J.). Indeed, the Fourth Circuit stated that "summary judgment affidavits cannot be conclusory or based on hearsay." *Evans*, 80 F.3d at 962.

Thus, a court may strike portions of affidavits that lack personal knowledge, contain hearsay, or rest upon conclusory statements. *Evans*, 80 F.3d at 962. The Fourth Circuit has stated that hearsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment. *See Rohrbough*, 916 F.2d at 973-74 n. 8. The Fourth Circuit in *Evans* affirmed the district court's decision to strike portions of an affidavit filed in opposition to a summary judgment motion in a sex and age employment discrimination case because:

> Several of the portions struck consisted of [the affiant's] own unsupported assertions of ... the abilities of her colleagues. Because, again, we generally consider self-serving opinions without objective corroboration not significantly probative, the decision to strike ... was not improper.

*Evans*, 80 F.3d at 962.

Moreover, it is a well-established principal of law that the non-moving party opposing a summary judgment motion cannot offer an affidavit in opposition to such a motion which is inconsistent with prior sworn testimony given in a deposition. *See Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984); *Janey v. N. Hess Sons, Inc.*, 268 F. Supp.2d 616, 624 (D. Md. 2003)(Chasanow, J.). "'If a party who had been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own testimony, this would greatly diminish the utility of summary judgement as a procedure for screening out sham issues of fact.'" *Halperin v. Abacus Technology Corp.*, 128 F.3d 191, 198 (4th Cir. 1997)(quoting *Barwick*, 736 F.2d at 960)).

In this case, Plaintiff's affidavit is replete with conclusory statements and inadmissible hearsay. For example, Plaintiff states that "[t]here were hundreds of different types of...mail clerk positions and machines throughout the Post Office that required the skills of significant concentration, strong reflexes and constant repetitive motion." Ex. 1 at ¶ 4. Plaintiff provides no

admissible evidence, however, to support her conclusory statements. As another example, Plaintiff states that she was "...assessed by Doctors and declared permanently disabled from my carpal tunnel syndrome." *Id*. at ¶ 5. Again, Plaintiff provides no admissible evidence in support of her statements in her self-serving affidavit.

Plaintiff's affidavit is also inconsistent and, in certain instances, blatantly contradictory to her testimony provided during deposition. For example, Plaintiff regurgitates her work history in her affidavit, but in a much more detailed and inconsistent manner. *See* Ex. 1 at ¶¶ 4-14. Specifically, in her affidavit Plaintiff states that

> [a]ll the other functions in the Post Office work floor were not available to me. In comparison to my mail clerk position, my duties and skills I utilized were very limited. Yet, I was productive in the limited duties that I had. Based upon my long career and experience at the US Post Office, I observed hundreds of different types of mail clerk positions, jobs, machines or tasks throughout the Post Office that required the skill set or abilities that the Post Office was now telling me I could not perform.

*See* Ex. 1 at ¶ 6. What is remarkable about this statement is that during Plaintiff's deposition, Plaintiff never identified or stated her observations about the different types of mail clerk positions, jobs, machines or tasks when asked about her job duties and abilities. *See*, *e.g.*, Deposition of Delois Edmondson, attached hereto as Ex. 4, pp. 13-31.

In addition, Plaintiff states in her affidavit that she was disabled. *See* Ex. 1, ¶ 5. Based on her deposition testimony, however, Plaintiff provided testimony that although she has carpal tunnel syndrome, she is able to take care of herself, can drive a car, perform household tasks, and can cook. *See* Ex. 4, pp. 72-73. Plaintiff's testimony during her deposition is inconsistent with her statement in her affidavit that she is disabled and, therefore, her affidavit should be stricken from the record and not considered by this Court.

Moreover, much of Plaintiff's affidavit is dedicated to adding details to Plaintiff's deposition testimony. During her deposition, Plaintiff had the opportunity to respond to all questions presented. She should not be permitted to add facts or details through her affidavit that create a factual dispute to prevent dismissal of her action, especially when Defendant has not had the opportunity to cross-examine and further explore the details that Plaintiff conveniently could not recall during her deposition.

In sum, Plaintiff's affidavit serves only to create a dispute of fact to entice the Court from granting Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. Plaintiff's affidavit consists of nothing more than conclusory and unsupported statements, many of which are inconsistent with her prior deposition testimony. Accordingly, the Court should strike Plaintiff's affidavit.

**B.    The affidavits of Plaintiff's co-workers should be struck because their testimony relates to a prior EEO claim brought by Plaintiff that was resolved.**

In the affidavits of Gloria Daniels and Bernetta Pride, Plaintiff's co-workers provide facts and testimony regarding incidents in February and March, 1999, involving Plaintiff's supervisor's failure to provide Plaintiff a chair.[1] *See* Exs. 2 and 3, at ¶¶ 6-14. The facts and incidents described by the co-workers in their affidavits, however, were resolved in a separate EEO claim filed by Plaintiff that specifically addressed the actions of her supervisor in February and March, 1999. *See* Ex. 4, pp. 34-38. Therefore, the affidavits submitted Plaintiff of her co-workers are outside of the scope of Plaintiff's actions before this Court, and Plaintiff is not permitted to seek a remedy for claims and factual scenarios that were previously resolved at the administrative level. *See, e.g.,*

---

[1] In February and March, 1999, Plaintiff's supervisor was Adrian Wilson. *See* Exs. 2 and 3 at ¶ 9.

*Wrenn v. Secretary, Department of Veterans Affairs*, 918 F.2d 1073, 1978 (2d Cir. 1990).

**C.    The affidavit of Bernetta Pride must be struck because she was not identified as a witness by Plaintiff during the discovery period.**

In her Opposition to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment, Plaintiff attaches an affidavit from Bernetta Pride, a co-worker of Plaintiff's. Ms. Pride's affidavit, however, must be struck because Ms. Pride was not identified by Plaintiff during the discovery process, and Defendant had no opportunity to learn of Ms. Prides's identity or her knowledge of the facts concerning Plaintiff's claims against Defendant.

In her discovery responses, Plaintiff identified several witnesses that she believed had knowledge of the facts concerning her claims against Defendant. *See* Plaintiff's Supplemental Answers to Interrogatories, No. 10, attached hereto as Ex. 5. During her deposition, Plaintiff was asked about fact witnesses to her claims, and Plaintiff identified several of her co-workers. *See* Ex. 4, pp. 157-166. Plaintiff did not, however, identify Ms. Pride in her written discovery responses or during her deposition. Moreover, Plaintiff did not supplement her discovery responses to identify Ms. Pride. Under Fed. R. Civ. P. 26, Plaintiff was asked to supply the names of all witnesses who Plaintiff believed had knowledge of the facts of her claims. Plaintiff failed to identify Ms. Pride during the discovery period. Accordingly, the affidavit from Ms. Pride should be struck.

### III.  CONCLUSION

Plaintiff's affidavit must be struck because it is conclusory, based on hearsay, outside the scope of Plaintiff's personal knowledge, and inconsistent with her prior deposition testimony. The affidavit of Plaintiff's co-workers should also be struck, as the co-workers' statements pertain to facts resolved in a prior EEO action, and one of the co-workers was not identified by Plaintiff during the discovery process. Therefore, the affidavits submitted by Plaintiff in support of her Opposition

to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment, should be struck.

        Respectfully submitted,

        Thomas M. DiBiagio
        United States Attorney

By:_____/s/_____
        John W. Sippel, Jr.
        Assistant United States Attorney
        Federal Bar No. 25484
        6625 United States Courthouse
        101 West Lombard Street
        Baltimore, Maryland 21201-2692
        (410) 209-4807
        (410) 962-2310 facsimile

        Attorney for Defendant, John E. Potter,
        Postmaster General of the United States
        Postal Service