IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DELOIS EDMONSON | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil No.: WDQ-02-2803 |
| | * |
| | * |
| JOHN E. POTTER | * |
| POST MASTER GENERAL, | * |
| U.S. POSTAL SERVICE, | * |
| | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
MOTION TO STRIKE AFFIDAVITS**

Delois Edmondson, plaintiff herein, by her attorneys, Morris E. Fischer and Michael J. Snider, hereby submits this Memorandum in Opposition to Defendant's Motion to Strike Affidavits.

**ARGUMENT**

**A.   Plaintiff's affidavit is factual and based on her own first hand knowledge.**

Defendant argues that Plaintiff's affidavit is conclusory, based on hearsay, inconsistent with her prior testimony, adds facts she failed to mention at her deposition, contains facts outside of the scope of Plaintiff's personal knowledge, and is solely designed to create a dispute of fact. Defendant points specifically to four instances in the Plaintiff's affidavit he objects to[1].

---

[1] Defendant has cited these four instances. Pursuant to the local rules, "unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed. MD R USDCT CIV Rule 105

1

Plaintiff's affidavit, in reality, proffers very few new facts above and beyond that which was already stated in deposition and other supporting documents. The Plaintiff's affidavit has merely stated these facts in context and in chronology to provide a meaningful framework for their understanding.

First, Defendant cites to Plaintiff's description in her affidavit how "there were hundreds of different types of …mail clerk positions and machines throughout the Post Office that required the skills of significant concentration, strong reflexes and constant repetitive motion". *Plaintiff's Ex. 9* at ¶ 4. Defendant asserts that Plaintiff "provided no admissible evidence to support her conclusory statements".

In fact, Plaintiff's testimony reflects a reality that was testified to by Vince Jackson in his deposition. *Plaintiff's Ex. 7* pages 11, 12, 42 and 44. Mr. Jackson testified to their being at least 560 jobs for clerks in the Post Office. *Id*. He also described those jobs in detail. *Id*. Finally, he testified that Plaintiff was unable to do those jobs and was on light duty. *Id*.

Indeed, while Defendant concerns himself with Plaintiff's attestation to the various types of jobs she could not perform, he fails to notice the thrust of Plaintiff's claim which is that she was taken off of light duty, to which all parties agree she was assigned, and placed in a situation where she had no work do. Plaintiff had been accommodated for a period of time, but Vince Jackson took away that accommodation when he removed her from her light duty assignment and gave her no work to do. Hence, the fact that Plaintiff did not identify the specifics of the different 560 jobs she could not do, does not impede her claim. On its face, having no work to do means she is

---

Plaintiff would not be permitted to respond to additional citations in a surreply. Defendant is thus limited to the four instances cited in his memorandum. And

prohibited from a large class of jobs. Defendant provided no evidence either from the depositions or from affidavits to contradict this specific assertion. Plaintiff specifically and clearly stated this issue in her deposition. *Defedant's exhibit* pages 28, 29 and 30. Plaintiff had no work to do and that was a failure to accommodate.

Second, Defendant cites to Plaintiff's statement in her affidavit that she was "…assessed by Doctors and declared permanently disabled from my carpal tunnel syndrome". Plaintiff's *Ex. 9* at ¶ 5. Defendant again asserts that Plaintiff provided "no admissible evidence in support of her statements in her self serving affidavit".

In reality, there is no dispute in any of the documents or the depositions or even in Defendant's motion for summary judgment, as to the fact that Plaintiff suffered from carpal tunnel syndrome. Indeed, as cited above, Vince Jackson testified that she was on light duty. Plaintiff stated clearly in her deposition that she suffered from carpal tunnel syndrome. *Defendant's* page 18. At no time during that deposition did Defendant question her or challenge her on the assessment of carpal tunnel syndrome. Plaintiff merely attests to a fact that was already revealed in the depositions and the documents and was never challenged.

Similar to his first objection above, Defendant fails to take into consideration the true basis for Plaintiff's claim, namely that she was regarded as disabled by the Post Office and by Edward Jackson. The Court in *Overstreet v. Calvert County Health Dept.* 187 F.Supp.2d 567, 572 (D.Md.,2002) held that "a person is regarded as having a disability that substantially limits a major life activity when other people perceive him in such a way, whether or not he has an actual impairment." *Id*. at 572. Consequently, even if Ms. Edmonson had complete use of her right arm, if Defendant regarded her as

disabled, she qualified for protection under the statute.

Third, Defendant observes that, in her affidavit, Plaintiff, when describing what job activities she was limited to, depicts also the jobs she was unable to perform. Defendant observes that Plaintiff did not offer this description in her deposition. Defendant asserts that since Plaintiff did not state this at her deposition when asked about her job duties and abilities she should not be permitted to attest to them in her affidavit.

Here again, the description of the various jobs that were available and the description of the jobs done on light duty were provided by Vince Jackson in his deposition. *Plaintiff's Ex. 7* pages 11,1 2, 42 and 44. Plaintiff is attesting nothing new. As for not mentioning it at her deposition, Plaintiff answered Defendant's questions fully and to the point. Plaintiff was not asked about other job duties, only her own. *Defendant's Ex.* page 23.

Finally, Defendant complains that Plaintiff contradicted her deposition testimony by stating in the affidavit that she was disabled. Defendant cites to Plaintiff's deposition where she states all activities she was able to perform at home.

This statement that Defendant focuses on is identical to Defendant's second objection. Again, Plaintiff merely stated what was known and agreed to by all the parties; that she was "disabled from carpal tunnel syndrome and was unable to work the clerk positions". *Plaintiff's Ex. 9* ¶ 5. And again, Defendant failed to take into consideration the real basis for Plaintiff's claim, that she was regarded as disabled by the Post Office and by Vince Jackson.

Defendant paints with a broad brush asserting that Plaintiff's affidavit is conclusory, based on hearsay, inconsistent with her prior testimony, adds facts she failed

4

to mention at her deposition, contains facts outside of the scope of Plaintiff's personal knowledge, and is solely designed to create a dispute of fact. Yet, Defendant points only to the four instances dealt with above.

Defendant's motion to strike the affidavits overlooks the heart of Plaintiff's claim, that she was taken off of light duty and placed in a situation with no work to do. Plaintiff had been accommodated, but Edward Jackson took away that accommodation. Defendant provided no evidence either from the depositions or from affidavits contradicting the statements in Plaintiff's affidavit.

**B.    The affidavits from Plaintiff's co-workers relate to Plaintiff's present claim.**

Defendant notes that these affidavits relate to incidents between Adrian Wilson and Plaintiff during the months of February and March of 1999. Defendant asserts that these affidavits should be struck since the issues between Adrian Wilson and Plaintiff that arose in February and March of 1999 have been settled and are thus outside the scope of Plaintiff's present action.

However, Plaintiff's original affidavit submitted in this claim from which this case arises (*Attached*) plainly states in the very first paragraph,

> " I believe I was denied a schedule change because of my physical disability. I am a limited duty clerk who is not allowed to work my assigned limited duty assignment on my tour. I became a problem for management when they was unable to place me in my limited duty assignment. So, in order to resolve this problem, management begin to harass me and deny me my requests for a schedule change, in an attempt to force me off of limited duty".

The same affidavit makes specific reference to events occurring in February of 1999.

5

Clearly, the two witnesses attest to what they observed in February and March of 1999. One of the witnesses even stated in her affidavit submitted by Defendant that what she stated in her first affidavit submitted by Plaintiff was "essentially true". Even under the direction of the Defense counsel she stood by her word. The affidavits of Gloria Daniels and Bernetta Pride should be admitted as substantively relevant to the case at bar.

**C.  Admittance of the affidavit of Bernetta Pride would not prejudice the Defendant.**

Defendant asserts that the affidavit of Bernetta Pride should be struck because Ms. Pride was not identified by Plaintiff during the discovery process and thus Defendant had no opportunity to learn of Ms. Pride's identity or her knowledge of the facts concerning Plaintiff's claims against Defendant. Defendant points out that Plaintiff identified four witnesses that she believed had knowledge of the facts concerning her claims against the Defendant.

Although the Defendant was given a list of potential witnesses for Plaintiff he chose to depose none of them. The simple fact is that even if Bernetta Pride would have been named she would not have been deposed. Admitting Bernetta Pride to substantiate undisputed fact would not prejudice the Defendant. The affidavit of Bernetta Pride should be admitted.

## CONCLUSION

Plaintiff's affidavit is factual and based on her own first hand knowledge. Defendant has missed the true issues of the case and is seeking to strike Plaintiff's

affidavit containing substantive information on miniscule and inconsequential points that in themselves have no merit. The affidavits from Plaintiff's co-workers relate to Plaintiff's present claim. Admittance of the affidavit of Bernetta Pride would not prejudice the Defendant. The affidavits submitted with Plaintiff's Motion in Opposition the Summary Judgment should be admitted

Respectfully Submitted,

_____/s/_____

Snider & Fischer, L.L.P.
Michael J. Snider, Esq.
MD:Bar No. 24695
Morris E. Fischer, sq.
MD: Bar No. 26286
104 Church Lane, Suite 201
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff