**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **DELOIS EDMONDSON,** | : |
| Plaintiff, | : |
| v. | : |
| **JOHN E. POTTER,** | :   Civil No.: WDQ-02-2803 |
| POSTMASTER GENERAL, | |
| U.S. POSTAL SERVICE, | : |
| Defendant. | : |

...oOo...

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO STRIKE AFFIDAVITS**

John E. Potter, Postmaster General of the United States Postal Service, defendant herein, by his attorneys, Thomas M. DiBiagio, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, hereby submits this Reply Memorandum in Support of his Motion to Strike Affidavits.

**I. BACKGROUND**

In her Opposition to Defendant's Motion to Strike Affidavits, Plaintiff failed to provide the Court with any credible factual or legal basis to preclude the Court from striking the affidavits provided by her in support of Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. As explained more fully in Defendant's Memorandum in Support of his Motion to Strike Affidavits, the affidavit from Plaintiff should be struck by the Court because it is a conclusory "sham affidavit" that is inconsistent with Plaintiff's prior testimony, is based on hearsay, contains facts outside of the scope of Plaintiff's personal knowledge, and is utilized solely to create a dispute of fact. The affidavits of Bernetta Pride and Gloria Daniels also

should be struck because they contain facts that relate solely to a complaint brought by Plaintiff in a prior EEO case and was resolved. In addition, Bernetta Pride's affidavit should be struck because the affiant was not identified by Plaintiff during the discovery process.

## II.  ARGUMENT

**A.    Plaintiff failed to provide any credible basis for why her affidavit should not be struck.**

In her Opposition to Defendant's Motion to Strike Affidavits, Plaintiff attempts to limit the Court's review of the offenses contained in Plaintiff's affidavit. Specifically, Plaintiff argues that because she is not permitted to file a sur-reply, the Court should review only the four offenses described in Defendant's Motion. Despite Plaintiff's request that the Court consider only the four examples listed in Defendant's Motion, Defendant encourages the Court to compare Plaintiff's affidavit and her deposition testimony in their entirety. As indicated in Defendant's Motion, Plaintiff's affidavit is replete with conclusory statements and inadmissible hearsay, and the Court should consider the entire record in determining Defendant's Motion.

In response to the substantive issues raised in Defendant's Motion, Plaintiff attempts to obfuscate the issues by re-arguing the issues presented in her Opposition to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. To the extent that Plaintiff does address the merits of Defendant's Motion to Strike Affidavits, Plaintiff failed to provide any basis, legal or factual, to refute Defendant's Motion.

Plaintiff attempts to refute Defendant's examples of how she included information in her affidavit that is conclusory, outside of her scope of knowledge and not based on personal knowledge by relying on the statements made by one of her supervisors, Vincent Jackson, during his deposition. *See* Plaintiff's Opposition, pp. 2, 4. Plaintiff's rationale, however, is flawed because her reliance

on her supervisor's testimony to support the statements contained in her affidavit establishes that some portions of her affidavit are based on information supplied by others, rather than on personal knowledge and, therefore, is hearsay.

To refute Defendant's contention that Plaintiff's statement in her affidavit that she is disabled is contradictory to the testimony provided by her during her deposition, Plaintiff does not address the merits of this contention; rather, Plaintiff re-argues the assertions contained in her Opposition to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. *See* Pl.'s Opp., pp. 3-4. Plaintiff ignores the issue of whether the testimony provided during her deposition is inconsistent with the testimony in her affidavit. Because Plaintiff's testimony from her deposition as to her medical condition and physical abilities is contradictory to the statements in her affidavit, Plaintiff's affidavit should be struck by the Court.

Plaintiff's Opposition to Defendant's Motion to Strike Affidavits is a weak attempt to muddle the issues raised by Defendant. Upon close examination of Plaintiff's Opposition, Plaintiff has done nothing more than to re-argue the issues provided in her Opposition to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. Indeed, Plaintiff's assertions in her Opposition to Defendant's Motion to Strike only support Defendant's contentions that the statements provided in her affidavit are conclusory, inconsistent with Plaintiff's prior testimony, based on hearsay, contains facts outside of the scope of Plaintiff's personal knowledge, and is utilized solely to create a dispute of fact. For these reasons, Plaintiff's affidavit should be struck from the record.

**B.    The affidavits of Plaintiff's co-workers do not relate to Plaintiff's present claim and should be struck.**

Plaintiff asserts that the affidavits of her co-workers are consistent with an affidavit provided

by Plaintiff at the administrative level and, therefore, should be accepted and considered by the Court.  Plaintiff's argument, however, is disingenuous, as the affidavit provided by Plaintiff at the administrative level does not specifically identify the problems between Plaintiff and one of her supervisors, Adrian Wilson, in February 1999.  *See* Pl.'s Opp., Ex. 1.

Moreover, Plaintiff ignores that she testified during her deposition that the issues between her and Mr. Wilson in February 1999 were resolved in a prior EEO claim.  Because the issues between Plaintiff and Mr. Wilson were resolved, Plaintiff is barred from presenting the claims relating to the February 1999 issue between Mr. Wilson and her, regardless of whether the issues relate to her present claims.  For these reasons, the affidavits from Plaintiff's co-workers are not relevant to the subject-matter of Plaintiff's claims and should be struck.

**C.    The affidavit of Bernetta Pride should be struck by this Court.**

In her Opposition to Defendant's Motion to Strike Affidavits, Plaintiff asserts that the affidavit of co-worker Bernetta Pride should not be struck because Defendant chose not to depose any of the potential witnesses identified by Defendant and, therefore, the Defendant would not have deposed Ms. Pride.  *See* Pl.'s Opp., p. 6.

Plaintiff's contentions on this point are logically flawed.  Plaintiff incorrectly assumes that Defendant did not contact the co-worker witnesses identified by Plaintiff to determine their knowledge of Plaintiff's claims and the necessity of recording their testimony by way of deposition.  Moreover, Plaintiff incorrectly assumes that had Ms. Pride been identified during the discovery period by Plaintiff, Defendant would not have interviewed her or deposed her.  Because Defendant did not have the opportunity to discover what knowledge Ms. Pride held concerning Plaintiff's claims during the discovery period, whether by interview or deposition, Plaintiff should not be

permitted to submit and rely on Ms. Pride's affidavit in attempt to defeat summary judgment. Such action by Plaintiff flies in the face of the Federal Rules of Civil Procedure, as well as the Discovery Guidelines for this District and, therefore, the affidavit of Ms. Pride should be struck by the Court.

### III. CONCLUSION

Based on the foregoing reasons, as well as the reasons set forth in Defendant's Memorandum in Support of his Motion to Strike Affidavits, Defendant respectfully requests that the affidavits submitted by Plaintiff in support of her Opposition to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment, be struck from the record.

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney


By: _____/s/_____
John W. Sippel, Jr.
Assistant United States Attorney
Federal Bar No. 25484
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692
(410) 209-4807
(410) 962-2310 facsimile

Attorney for Defendant, John E. Potter,
Postmaster General of the United States
Postal Service