IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DELOIS EDMONDSON,** | : | |
| **Plaintiff,** | : | |
| v. | | |
| | : | |
| **JOHN E. POTTER,** | : | Civil No.: WDQ-02-2803 |
| **POSTMASTER GENERAL,** | | |
| **U.S. POSTAL SERVICE,** | : | |
| **Defendant.** | : | |

...oOo...

**MEMORANDUM IN SUPPORT OF BILL OF COSTS**

Defendant John E. Potter, Postmaster General of the U.S. Postal Service, by and through his counsel, Thomas M. DiBiagio, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, submits this Memorandum in Support of Bill of Costs. Defendant also submits the Affidavit of Assistant United States Attorney John W. Sippel, Jr., (hereinafter "Sippel Affidavit"), attached hereto as Exhibit 1, as verification of Defendant's Bill of Costs.

**I. INTRODUCTION**

On March 11, 2004, this Court entered judgment in favor of the defendant, John E. Potter, Postmaster General of the U.S. Postal Service, and against the plaintiff, Delois Edmondson, on her claims of employment discrimination. Within the time prescribed by Local Rule 109.1.a, the prevailing Defendant seeks an award of costs against Plaintiff.

## II. ARGUMENT

Having prevailed in this action, Defendant is entitled to costs pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920. Rule 54(d)(1) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." In addition, 28 U.S.C. § 1920 provides that a "judge or clerk of any court of the United States" may tax costs. Specifically, Section 1920 enumerates taxable costs as follows:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Defendant is entitled to a costs award as part of the judgment entered in this case. *See Thomas v. Treasury Management Association, Inc.*, 158 F.R.D. 364, 371-72 (D. Md. 1994)(Messitte, J.)(prevailing defendant is entitled to costs incurred for clerk's fees, deposition transcripts, and exemplification and copies of papers necessarily obtained for use in the case). Moreover, the Fourth

Circuit recently summarized these principles by stating that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs.... The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs." *Constantino v. American S/T Achilles*, 580 F.2d 121, 123 (4th Cir.1978). Indeed, the rule gives rise to a presumption in favor of an award of costs to the prevailing party. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981); *Teague v. Bakker*, 35 F.3d 978, 995 - 96 (4th Cir. 1994).

### A. Costs Associated with Depositions

Defendant is entitled to costs associated with depositions. 28 U.S.C. § 1920(4); Fed. R. Civ. P. 54(d); *Simmons v. O'Malley*, 235 F. Supp.2d 442, 443 (D. Md. 2002)(Blake, J.); *Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (D. Md. 1968)(Thomsen, C.J.) (deposition transcripts are taxable "when reasonably 'necessary for use in the case'"); *Thomas*, 158 F.R.D. at 371-72 (prevailing defendant awarded costs for deposition transcripts as a reasonable and proper expense).

To determine whether deposition costs are to be awarded, a court should consider whether the taking of the deposition was reasonably necessary to the party's case at the time it was taken. *Simmons*, 235 F. Supp.2d at 443 (citations omitted). In addition, it is not necessarily fatal to an award of costs that a deposition was not introduced or otherwise used at the trial." *Id.*; *Charter Med. Corp. v. Cardin*, 127 F.R.D. 111, 113-14 (D. Md. 1989)(Harvey, J.).

In this case, Defendant took the deposition of the plaintiff, Delois Edmondson, for which defendant incurred costs in the amount of $527.10. Defendant seeks a costs award for this

deposition. *See* Sippel Affidavit, ¶ 3. In addition, Plaintiff's counsel took two (2) depositions. Defendant was required to incur costs associated with the two (2) depositions taken by Plaintiff and seeks an award for them in the amount of $244.20. *See* Sippel Affidavit, ¶ 4.

Defendant ordered one (1) copy of each of the transcripts of all of the depositions taken in the case. All three deposition transcripts were reviewed in preparation for the filing of Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. *See* Sippel Affidavit, ¶ 7. In addition, all three deposition transcripts were attached as exhibits to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment and were cited extensively throughout Defendant's Motion. *Id*.

### B. Other Costs Incurred But Not Claimed

In Defendant's Bill of Costs, Defendant makes no claim for a variety of charges associated with the Defendant's defense in this case, e.g. costs of local travel, postage, telecopier, and attorney's fees are not claimed for taxation. *See* Sippel Affidavit, ¶ 5. By declining an opportunity to pursue payment for such costs, Defendant respectfully submits that it has carefully reviewed and considered which costs in the instant case may properly be sought through an award of costs. Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920.

### III. CONCLUSION

Defendant John E. Potter, Postmaster General of the U.S. Postal Service, is entitled to a costs award and submits an Order for the Court's consideration. This Memorandum is accompanied by a verified Bill of Costs, an Affidavit of counsel in this case (the Sippel Affidavit), and other relevant documentation to support defendant's claim for reimbursable costs.

       Respectfully submitted,

       Thomas M. DiBiagio
       United States Attorney


By: _____/s/_____
       John W. Sippel, Jr.
       Assistant United States Attorney
       Federal Bar No. 25484
       6625 United States Courthouse
       101 West Lombard Street
       Baltimore, Maryland 21201
       (410) 209-4807