**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

DEC 27 2004

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DC

No. 04-1427

DELOIS EDMONSON

                Plaintiff - Appellant

versus

JACK POTTER, Postmaster General,

                Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Williams D. Quarles, Jr., District Judge.  (CA-02-2803-1-WDQ)

Submitted: September 24, 2004   Decided: December 22, 2004

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael J. Snider, Morris E. Fischer, SNIDER & FISCHER, L.L.P., Baltimore, Maryland, for Appellant.  Thomas M. DiBiagio, United States Attorney, John W. Sippel, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Delois Edmonson appeals the district court's order granting summary judgment to John E Potter, Postmaster General, United States Postal Service "USPS" or "Postmaster") dismissing her employment discrimination suit alleging violations of the Rehabilitation Act of 1973. On appeal, Edmonson alleges error by the district court in dismissing her claims that the USPS failed to accommodate her carpel tunnel syndrome and subjected her to a hostile work environment. We have reviewed the record find no reversible error.

This Court reviews an award of summary judgment de novo Higgins v. E. I. Dupont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' respective burdens of proof at trial. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Id. at 255; Smith v. Virginia Commonwealth Univ., 84 F.3d 672, 675 (4th Cir. 1996)

Edmonson first claims error in the district court's dismissal of her failure to accommodate claim.[1] To prevail under ADA, Edmonson must prove that she was a qualified individual a disability and that the USPS discriminated against her because of the disability  Hooven-Lewis, 249 F.3d at 268   Absent direct evidence of discrimination, Edmonson may make her showing using the burden shifting approach first enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Halperin v. Abacus Technology Corp., 128 F.3d 191, 197 (4th Cir. 1997), abrogated on other grounds by Baird ex rel Baird v. Rose, 192 F.3d 462  4th Cir 1999)

To establish a prima facie case for failure to accommodate under the Rehabilitation Act, an employee must show   she was an individual with a disability within the meaning of the ADA;[2]  (2  the employer had notice of her disability; (3) with reasonable accommodation, she could perform the essential functions

---

[1] As a preliminary matter, the district court properly applied Americans with Disabilities Act  ("ADA") standards to Edmonson's Rehabilitation Act claim because she is a federal employee.  See Hooven-Lewis v. Caldera, 249 F.3d 259, 268 (4th Cir. 2001).

[2] The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2), 42 U.S.C. § 12102(2)(A).  The Postmaster asserts that Edmonson has failed to establish that she is disabled under the applicable law, because she has not provided any evidence that her carpel tunnel syndrome has substantially limited a major life activity.  We do not address this assertion given the disposition of this appeal.

3

of the position; and (4 the employer refused to make such accommodations. <u>Rhoads v. FDIC</u>, 257 F.3d 373, 387 n.11 (4th Cir 2001). To establish discrimination based on her disability under the Rehabilitation Act, Edmonson must demonstrate that she: (1) is an individual with a disability within the meaning of the ADA; (2 is otherwise qualified for the job in question; and (3 suffered an adverse employment action solely because of the disability <u>Halperin</u>, 128 F.3d at 197. "An absolute precondition to [any discrimination] suit [is] that some adverse employment action [has] occurred." <u>Bristow v. Daily Press, Inc.</u>, 770 F.2d 1251, 1255 (4th Cir. 1985). An adverse employment action is a discriminatory act that "adversely affect[s] the 'terms, conditions, or benefits' of [a plaintiff's] employment." <u>Von Guten v. Maryland</u>, 243 F.3d 858, 864 (4th Cir. 2001 (quoting <u>Munday v. Waste Mgmt. of N. Am., Inc.</u> 126 F.3d 239, 243 (4th Cir. 1997)

    We find without difficulty that the record is replete with facts demonstrating the reasonable accommodations made by the USPS to Edmonson. From the time Edmonson presented her medical documentation to the USPS relating to her carpel tunnel syndrome in 1986, the USPS provided her with light-duty work. She worked, and continues to work, as a mail processing clerk in the 030 Manual Operation at the Baltimore Processing and Distribution Center  At no time did Edmonson sustain any loss of pay, benefits, or rank. The USPS approved thirteen schedule changes requested by Edmonson

over a twelve month period of time. While she asserts the refusal to grant her two additional schedule changes demonstrates a refusal to accommodate she admitted that her requests for schedule change were for personal convenience and not to accommodate her alleged disability. In addition, her request for a twelve-month schedule change was not completed on the proper form, and she did not first receive authorization from her manager or union representative in compliance with USPS policies and procedures. Assuming, arguendo, that Edmonson demonstrated that she was disabled under the Rehabilitation Act, we find this evidence amply supports the Postmaster's reasonable accommodation of her disability.

Moreover, we agree with the district court's determination that Edmonson failed to demonstrate that she suffered an adverse employment action such that she established her prima facie case of discrimination under the Rehabilitation Act. The USPS's denials of Edmonson's requests for temporary schedule changes did not affect a term, condition, or benefit of her employment. Nor did the denials cause Edmonson to be demoted or receive less pay or benefits. She admitted also that the requests were for her personal convenience, i.e., to accommodate her baby-sitter and care for her brother, and not to accommodate an alleged disability. Such requests for accommodation based on personal convenience are not actionable under Title VII. See, e.g., Grube v. Lau Indus., Inc., 257 F.3d 723, 729 (7th Cir. 2001

5

Edmonson further asserts on appeal that she was subjected to adverse employment action because she was transferred from the re-wrap section, and her duties and skills thereafter became "very limited." She attested that she had "lack of instruction and assignment and sat with no work to do for long periods of time

Edmonson's self-serving assertions, unsupported by any other evidence, are insufficient to successfully counter summary judgment. Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 134-35 (4th Cir. 2002   Despite Edmonson's assertions, she admitted that she was not demoted, nor did she receive less pay as a result of her transfer out of the re-wrap section   A transfer in duties or reassignment that does not result in any decrease in salary, benefits, or rank cannot constitute an adverse employment action necessary to state a prima facie case of discrimination. Munday, 126 F.3d at 243; Boone v. Goldin, 178 F.3d 253, 256-57 (4th Cir 1999). Nor is there any evidence that the changes to her work schedule or duties damaged her future career prospects. Brown v. Cox Med. Ctrs., 286 F.3d 1040, 1045-46 (8th Cir. 2001).[3] Her dissatisfaction with the assignments she received without the scheduling modification is not actionable, nor is her claim that the reassignment caused her to lose her status with other supervisors and workers. See, e.g., Brown, 286 F.3d at 1046;

---

[3] The district court properly held that the adverse impact on Edmonson's leave was insufficient to establish an adverse employment action. See Von Guten, 243 F.3d at 869.

6

<u>Williams v. Bristol-Myers Squibb Co.</u>, 85 F.3d 270, 274 (7th Cir. 1996)

The second cause of action on which Edmonson appeals is the district court's dismissal of her hostile work environment claim. To prevail on a hostile work environment claim under the Rehabilitation Act, Edmonson must prove that she: (1 is a qualified individual with a disability; (2) was subject to unwelcome harassment; (3 the harassment was based on her disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis for imputing liability to the employer. <u>Fox v. GMC</u>, 247 F.3d 169, 177 (4th Cir. 2001   Edmonson must demonstrate that her employer's conduct was objectively hostile, such that a reasonable person would so perceive it as such  <u>Id.</u> at 178. Factors to be considered in analyzing the objective component include the frequency and severity of the discriminatory conduct whether it is physically threatening or humiliating rather than being a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. <u>Fox</u>, 247 F.3d at 178. Assuming, <u>arguendo</u>, that Edmonson demonstrated that she was

---

⁴Given our finding that the district court correctly determined that Edmonson failed to meet her prima facie burden on her accommodation claim by failing to demonstrate that she was subjected to an adverse employment action, we decline to address Edmonson's further assertions on appeal relative to her accommodation claim.

disabled under the Rehabilitation Act, we find no evidence here that could support a reasonable finding that any alleged harassment Edmonson suffered by the USPS was based on her disability, or that it was severe or pervasive such that it created an abusive work environment.  See, e.g., Harris v. Forklift Sys., Inc., 510 U.S 17, 21 (1993)

Edmonson specified the following acts in support of her claim of a hostile work environment:  (1) her light duty work and lack of a chair fostered an atmosphere of resentment and pity for her among her co-workers; (2) the strict leave policies of the USPS; (3 the work place was too cold; (4) one night she was asked to work in a mail-handler position, and then was removed from that job; (5) sometimes her badge was missing  (6) her skills were under-utilized; and (7) she was denied a shift change and was given no work for long periods of time.  While Edmonson attested that her uncertainty about her work assignments made her feel "sick" on a daily basis, and that the stress of her working conditions created physical problems such as hair loss and joint aches, juxtaposed against this testimony, Edmonson also described the above enumerated occurrences as "silly," "stupid," "little stuff."  We agree with the district court's determination that, while Edmonson's evidence established that she subjectively perceived her environment as hostile  it was insufficient, when viewed objectively, to support a hostile work environment claim   See

8

Faragher v. City of Boca Raton, 524 U.S. 775, 778 (1998) (isolated or genuinely trivial acts constituting ordinary adversities in workplace not actionable); Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745, 753 (4th Cir. 1996) (working environment must be "hostile or deeply repugnant," not "merely unpleasant," to be actionable) There is no evidence that Edmonson was unable to perform her job duties as a result of her working environment, and she attested that she never felt threatened. She was unable to provide evidence to show that her disability specifically was a factor in the occurrences of which she complained. She did not satisfy her burden of demonstrating that she was subjected to a hostile work environment because of her alleged disability.

Accordingly, we affirm the district court's order granting the Postmaster's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED